UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles A. Allen III

   v.                                    Case No. 19-cv-385-PB

Walter Davies, Director, Hampshire
House; and J. Ray Ormond, Regional
Director, Bureau of Prisons,
Northeast Regional Office

**REPORT AND RECOMMENDATION**

Before the court is petitioner Charles A. Allen III's filing, entitled "Motion for Good-Time Credits (Pursuant to the First Step Act)" (Doc. No. 1), which this court has construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, challenging the calculation of his federal prison sentence by the Federal Bureau of Prisons ("BOP"). The matter is before the undersigned magistrate judge for preliminary review to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (allowing application of the § 2254 Rules to any habeas petition).

**Background**

Allen asserts that he is presently serving a 132-month sentence imposed by this court in United States v. Allen, No. 09-cr-167-01-PB (D.N.H.). Allen asserts here that the BOP has

recently transferred him to the Hampshire House halfway house, and that he is scheduled to be released from incarceration on June 10, 2019.

In his petition, Allen invokes Section 102(b) of the recently-enacted First Step Act of 2018, which, inter alia, amends 18 U.S.C. § 3624(b)(1), the statute which authorizes and governs the BOP's calculation of federal sentences imposed by the federal courts.  Section 102(b)(1) amends § 3624(b)(1) by raising the amount of good-time credit federal prisoners may receive, for each year of their sentence, from forty-seven days to fifty-four days.

Allen now challenges the BOP's calculation of his sentence and release date, and asks the court to direct the BOP to grant him additional good-time credit.  Allen contends that under § 102(b)(1), he is entitled to an additional seven days of good-time credit for each year of his eleven-year sentence, amounting to a total of seventy-seven additional days of good-time credit.  Applying that figure to his presently calculated June 10, 2019 release date, Allen claims he should have been released on March 25, 2019.

Allen states that the BOP has declined to recalculate his sentence based on the First Step Act, and further that the BOP does not intend to make any good-time credit calculation changes until July 2019 which, Allen alleges, will deprive him of good-

time credit to which he is entitled under § 102(b).  Allen further alleges, without specificity, that some federal prisoners with release dates in June, July, and August 2019, have already had their good-time credit recalculated and adjusted under the First Step Act, while Allen's June 2019 release date has not been so adjusted.

**Discussion**

I.  Nature of Action

It appears Allen intended to file his instant request for a court order, directing the BOP to recalculate his good-time credit, as a motion in his closed criminal case.  However, "a post-conviction motion attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated or in a regional BOP office."  United States v. Powell, No. 5:11-cr-75-JMH-1, 2019 U.S. Dist. LEXIS 60012, at *3, 2019 WL 1521972, at *1 (E.D. Ky. Apr. 8, 2019); see also Fusco v. Grondolsky, No. 17-cv-10771-DHH, 2018 U.S. Dist. LEXIS 145891, at *8-*9, 2018 WL 4100039, at *3 (D. Mass. Aug. 27, 2018).  As stated above, after a sentence has been imposed by the court, discretion for the calculation of the sentence rests entirely with the BOP.  See 18 U.S.C. §§ 3624(a)-(b).

Accordingly, Allen's challenge to the BOP's calculation of his good-time credit must be raised in a § 2241 petition, and the court has so construed his motion.[1]

## II. Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## III. Good-Time Credit Under the First Step Act

In his petition, Allen seeks an order giving him the extra good-time credits he asserts he is due under section 102(b)(1). Courts that have issued rulings on similar claims have generally

---

[1] Because Allen's filing is construed as a § 2241 petition, rather than a § 2254 petition, the notice required by Castro v. United States, 540 U.S. 375 (2003), is not applicable.  See Downie v. Maine, No. 2:18-cv-187-DBH, 2018 WL 2197956, at *1 n.2 (D. Me. May 14, 2018), R&R adopted, 2018 WL 3117226, at *1 (D. Me. June 25, 2018).

concluded that section 102(b)(1)'s effective date hinges on an event that has not yet occurred, namely, the Attorney General's completion of a prisoner "risk and needs assessment system," which Congress has required the Attorney General to complete by a date in July 2019.  See, e.g., Johnson v. Bureau of Prisons, No. 4:19-cv-224-O, 2019 U.S. Dist. LEXIS 62448, at *4, 2019 WL 1569360, at *1 (N.D. Tex. Apr. 11, 2019); Powell, 2019 U.S. Dist. LEXIS 60012, at *6, 2019 WL 1521972, at *1; United States v. Bellah, No. 2:12-CR-20016-001, 2019 U.S. Dist. LEXIS 56076, at *1 (W.D. Ark. Apr. 2, 2019); Roy v. U.S. Bureau of Prisons, No. 2:19-CV-59-RMP, 2019 U.S. Dist. LEXIS 56064, at *4, 2019 WL 1441622, at *2 (E.D. Wash. Apr. 1, 2019); Nichols v. Burch, No. CV 19-00076-TUC-RM (BGM), 2019 U.S. Dist. LEXIS 41595, at *4 (D. Ariz. Mar. 12, 2019).

"Because the BOP has no authority to recalculate [petitioner]'s good-time credit according to the First Step Act until the relevant provisions take effect in approximately July 2019, the question of whether the BOP erred in administering [petitioner]'s sentence on that basis is premature."  Roy, 2019 U.S. Dist. LEXIS 56064, at *3, 2019 WL 1441622, at *2.  Accordingly, the district judge should dismiss, as premature, Allen's claims asserting that he is entitled to an immediate recalculation of his good-time credits under § 102(b).

IV.  Equal Protection Claim

The court construes Allen's allegation that other inmates have had their sentences recalculated under section 102(b)(1), while the BOP has not so recalculated his sentence, as an attempt to assert a claim alleging that the failure of the BOP to recalculate his sentence violates his rights under the Equal Protection Clause of the Fifth Amendment.  The "Equal Protection Clause contemplates that similarly situated persons are to receive substantially similar treatment from their government." Davis v. Coakley, 802 F.3d 128, 132 (1st Cir. 2015) (citation omitted).  To establish an equal protection claim, a petitioner generally needs to allege facts showing that "'(1) . . . compared with others similarly situated, [the petitioner] was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [the plaintiff].'"  Id. at 132-33 (citations omitted).  Proof of discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

An equal protection claim may also be based on a "class of one."  Donovan v. City of Haverhill, 311 F.3d 74, 77 (1st Cir. 2002).  When pleading a "class of one" equal protection claim, a

petitioner must allege that he or she has "'been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" See id. (citation omitted). A "class of one" equal protection claim requires proof of "'an extremely high degree of similarity between [plaintiffs] and the persons to whom they compare themselves.'" Snyder v. Gaudet, 756 F.3d 30, 34 (1st Cir. 2014) (citations omitted). In addition, a "class of one" plaintiff must generally plead facts to "show that the defendant's differential treatment of the plaintiff was motivated by 'bad faith or malicious intent to injure.'" Id. (citation omitted).

Allen does not assert any facts indicating that he was treated differently than other inmates on the basis of his affiliation with any protected class. Rather, he attempts to assert a "class of one" equal protection claim, alleging only that other inmates' good-time credits have been recalculated under the First Step Act, and that his were not. Allen has not alleged sufficient facts to show that any other inmate, whose sentence he alleges has been recalculated, was similarly situated to Allen in all relevant respects. The court, however, cannot rule out the possibility that Allen may be able to assert such facts. Accordingly, in an Order issued simultaneously with this Report and Recommendation, the court grants Allen leave to

amend his petition to state facts sufficient to state an equal protection claim upon which relief might be granted.

## Conclusion

For the foregoing reasons, the district judge should dismiss, as premature, the claims in Allen's petition (Doc. No. 1) alleging that the BOP's failure to recalculate his sentence to date constitutes a violation of section 102(b) of the First Step Act entitling him to relief.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 18, 2019

cc: Charles A. Allen III, pro se